IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR-S-08-168 FCD-EFB |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| LAVON CARTER JR. | ) |
| LAVERN VAUGHN | ) |
| Defendants. | ) |

After a hearing on the government's Motion to Stay Enforcement of Subpoenas, the Court denies the motion for the following reasons.

On July 3, 2008, the defendant submitted an *ex parte* request pursuant to Federal Rule of Criminal Procedure Rule 17(c) for subpoenas *duces tecum* to be issued to the Alameda County Juvenile Court and the Alameda County Children and Family Services Agency for records relating to a government witness in this case.

After careful consideration, the Court determined that the *ex parte* nature of the request was appropriate pursuant to *United States v. Tomison*, 969 F. Supp. 587 (E.D. Cal. 1997); *see also United States v. Gurolla*, 333 F.3d 944 (9th Cir. 2003) (*ex parte* proffer is an appropriate method for the Court to employ to preserve defense strategy).

After careful consideration of the request itself and the requirements set forth in *United States v. Nixon*, 418 U.S. 683 (1974), the Court concluded (1) that the subpoenas would compel documents that are evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the defense cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial or result in a continuance during the trial; and, (4) that the application was made in good faith and was not intended as a general "fishing expedition."

1

After careful consideration of the controlling precedent, the Court issued the two requested subpoenas.

The subpoenas were served and the recipients were required to comply, or otherwise to appear before the Court on July 11, 2008, at 2:00 p.m.

On July 11, 2008, the federal defender appeared to inform the court that the recipients of the subpoenas had not complied.  Neither recipient submitted a motion to quash or any other request to the court or counsel who served the subpoenas.  Neither recipient appeared before the Court on July 11.

The Court requested that the federal defender inform the recipients that the Court had scheduled a hearing on an order to show cause in re contempt and that a written Order to Show Cause would issue on Monday, July 14, unless the Court was prior to that time notified that the recipients had since complied with the subpoenas.

On July 14, the Court, having heard from neither subpoena recipient, issued an Order to Show Cause and required the parties to be present in Court on Wednesday, July 16.

A hearing on the Order to Show cause was held on July 16, 2008.  Present were counsel for Lavon Carter, counsel for Lavern Vaughn, counsel for Alameda County Juvenile Court and Alameda County Children and Family Services.  The Assistant United States Attorney assigned to this case was present in the audience and did not ask to intervene.

At the hearing, counsel for the Alameda County Juvenile Court and Counsel for Alameda County Children and Family Services indicated that they would comply with the subpoenas so long as a protective order was in place.

Counsel for Mr. Carter and Ms. Vaughn agreed that a protective order is appropriate to preserve the confidentiality of the records.  All counsel agreed that a protective order would be drafted and provided to the Court for the Court's signature before the documents would be produced.

Counsel for Alameda County Children and Family Services was given five business days to comply with the Court's order.  Counsel for Alameda County Juvenile Court, having the documents in court, agreed to produce the records immediately upon the Court's approval of the protective order.

////

On July 17, after the hearing, the United States Attorney's Office filed a motion to stay enforcement of the subpoenas.

A hearing was held on July 18 at the government's request.

After careful consideration of the government's arguments, the Court makes the following FINDINGS:

1. The *ex parte* nature of the request by defense counsel is appropriate pursuant to *United States v. Tomison*, 969 F. Supp. 587 (E.D. Cal, 1997);

2. The documents sought are evidentiary and relevant, cannot be procured in advance of trial by other methods, and their production in advance of trial is appropriate and necessary for the defense to be able to prepare without delay at trial.  Further, the request for the documents was not a fishing expedition;

3. Courts have disagreed as to whether the government has standing generally to object to the issuance of a Rule 17(c) subpoena served on a third party. *Tomison*, 969 F. Supp. at 593-95; *but see United States v. George*, 786 F.Supp. 11, 17 (D.D.C. 1991).  Under the circumstances of this case, including the carefully drafted protective orders, neither the government's interest generally, nor its particular interest under the Crime Victims Rights Act, 18 U.S.C. § 3771(a)(8), (d)(1), to address the privacy interests of the victim warrant the order sought by the government here.  The government has not shown, in light of the steps taken by the Court and counsel to fashion an appropriate protective order, how the privacy concerns here override the defendant's due process right to examine, pretrial, relevant evidence and his concomitant right not to disclose to the government the defendant's trial strategy and theory of the case. *See Tomison*, 969 F. Supp. at 593-94.  Thus, assuming some measure of standing by the government to address the privacy interests of the witness in question, the court has accommodated that interest and specifically afforded the Assistant U.S. Attorney the opportunity to review and suggest any needed modifications to the protective orders.

4. The protective orders issued by the Court adequately address the concerns of the Crime Victims Rights Act and serve to protect the confidentiality of the documents consistent with the defendant's right to compel witnesses and evidence.

////

3

Accordingly, the court ORDERS that:

1. The government's motion to stay enforcement of the subpoenas is denied, and the Court's prior order enforcing the subpoenas *duces tecum* remains in effect, subject to the limited stay noted in paragraph 8, below;

2. The recipients of the subpoenas are ordered to produce the documents upon approval by the Court of the protective order and subject to the limited stay noted in paragraph 8, below; and,

3. To allow the government time to appeal this ruling to the District Judge presiding over this case, this order directing compliance with the subpoenas is stayed until Tuesday, July 22, 2008, at 2:00 p.m, unless otherwise ordered by Judge Damrell.

DATED: July 21, 2008.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4