HEATHER E. WILLIAMS, #122664
Federal Defender
LEXI NEGIN, #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
Lexi_negin@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.  08-CR-168 (1) FCD |
| Plaintiff, | ) |
| | ) MOTION FOR EARLY TERMINATION OF |
| v. | ) SUPERVISED RELEASE |
| LAVON CARTER, JR., | ) |
| Defendant. | ) |

## I.     INTRODUCTION

Defendant, Lavon Carter, Jr., hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1) and discharge him from supervision.  The 36 month term of supervised release began on May 4, 2012 and he is scheduled to successfully complete supervision on May 2, 2015.  Mr. Carter is being supervised by the probation office in the Northern District of California where he lives and works.  His probation officer reports that his performance on supervision is excellent.

At this point, Mr. Carter is working full time as a heavy equipment operator for which he has a special license that he obtained since being released from prison.  As the attached letter reflects, he also volunteers with the Office of Neighborhood Safety.  He has a family and many responsibilities.  He also registers as a sex offender pursuant to California law.  Mr. Carter moves this Court to terminate his supervised release early because his reintegration into the community is so successful he is no longer in the need of supervision to ensure his rehabilitation,

and the conditions of supervision are hindering him from further success at this point.

## II. MR. CARTER SATISFIES THE CRITERIA FOR EARLY TERMINATION OF SUPERVISION

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Mr. Carter has completed over two years of supervision and will otherwise be successfully finished with supervision in May of this year.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
> 1. stable community reintegration (e.g., residence, family, employment);
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. no history of violence;
> 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. no recent evidence of alcohol or drug abuse;
> 7. no recent psychiatric episodes;
> 8. no identifiable risk to the safety of any identifiable victim; and
> 9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or

victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g). It appears that because Mr. Carter has been convicted of a sex offense (transportation of an individual for the purpose of prostitution), the probation office will not sua sponte consider him for early termination, despite his excellent performance.

On February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety."

Mr. Carter satisfies all the factors set forth for early termination. He has completed all the terms of supervision and has no outstanding monetary penalties. He has been on supervision since May of 2012, with no violations.

### III.   CONCLUSION

In light of Mr. Carter's successful reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

//
//
//
//

Respectfully submitted,

HEATHER WILLIAMS
Federal Defender

DATED: March 3, 2015                     /s/Lexi Negin

LEXI NEGIN
Assistant Federal Defender for
LAVON CARTER, JR.

O R D E R

Based on the reasons set forth in the Defendant's Motion to Terminate Supervised Release filed on January 30, 2015, and good cause appearing therefrom, the Court grants the Defendant's Motion.

IT IS HEREBY ORDERED that the Defendant's Motion to Terminate Supervised Release is GRANTED and his Supervised Release is terminated.

IT IS SO ORDERED.

Dated:  March 3, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT